# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| REX LYLE HYMEL, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. CIV-14-273-F ) |
| KAMERON HARVENEK, Warden, | ) ) ) ) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION

Petitioner Rex Lyle Hymel, a state prisoner appearing pro se, brings this action under 28 U.S.C. § 2254, seeking a writ of habeas corpus. United States District Judge Stephen P. Friot has referred this matter to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. § 636. As outlined herein, the undersigned recommends that the petition be dismissed and Petitioner's pending motion be denied. *See* Rule 4, Rules Governing Section 2254 Cases in the United States District Courts (the "Section 2254 Rules").

## BACKGROUND

On March 14, 2012, Petitioner was convicted after jury trial of Assault with a Dangerous Weapon, after two or more prior felony convictions, in Oklahoma County District Court, Case No. CF-2011-3013. *See* Petition at 1, 15 (Doc. No. 1).[1] Petitioner thereafter was sentenced to twenty-five years' imprisonment, in accordance with the jury's recommendation. *See* Pet. at 1, 15. Petitioner filed a direct appeal to the

---
[1] References to the Petition use the ECF pagination.

Oklahoma Court of Criminal Appeals ("OCCA"), raising two propositions of error: (1) insufficient evidence to sustain the conviction; and (2) trial court error in failing to give a jury instruction on a lesser-related offense. *See* Pet. at 2, 15. The OCCA denied relief in a summary opinion issued May 23, 2013. *See* Pet. at 15-17.

Petitioner filed an application for postconviction relief in the trial court on October 11, 2013. *See* Pet. at 5-6, 7-8; *see also State v. Hymel*, No. CF-2011-3013 (Okla. Cnty., Okla. Dist. Ct.) (docket publicly available through http://www.oscn.net) (hereinafter "*State v. Hymel*"). Upon the motion of the State of Oklahoma, on December 12, 2013, the trial court ordered Petitioner's postconviction relief stricken for violating the page limit prescribed by local rule. *See* Pet. at 6-8, 12, 18; Okla. Seventh Judicial Admin. Dist. R. 37(B) ("All motions, applications and responses thereto, including briefs, . . . shall not exceed twenty (20) pages in length . . . without prior permission of the assigned judge.").[2] On January 3, 2014, Petitioner filed his postconviction appeal, which currently is pending before the OCCA. *See* Pet. at 5-8, 12; *Hymel v. State*, No. PC-2014-12 (Okla. Crim. App. filed Jan. 3, 2014) (docket publicly available through http://www.oscn.net) (hereinafter "*Hymel v. State*").

Petitioner then, on March 18, 2014, initiated this federal habeas proceeding, raising four grounds for relief: (1) insufficient evidence to sustain the conviction; (2) trial court error in failing to give a jury instruction on a lesser-related offense; (3) ineffective assistance of appellate counsel for failing on direct appeal to raise an argument regarding

---

[2] *Available at* http://www.oklahomacounty.org/documents/2000rules1.htm.

ineffective assistance of trial counsel; and (4) prejudice of the trial court judge. *See* Pet. at 5-10.

ANALYSIS

Pursuant to Rule 4 of the Section 2254 Rules, the Court "must dismiss" a habeas corpus petition if it "plainly appears" that the petitioner is not entitled to relief in the district court.[3] Here, the Petition on its face shows that Petitioner has not exhausted available state remedies with respect to any of his four grounds for federal habeas relief, as is required before any of his claims may be heard in this Court.

Before a federal court may grant habeas relief to a state prisoner-petitioner, the prisoner must either exhaust his or her remedies in state court or demonstrate the (1) absence of available state corrective process, or (2) the existence of circumstances rendering the state process ineffective to protect the petitioner's rights. 28 U.S.C. § 2254(b)(1); *Rose v. Lundy*, 455 U.S. 509, 522 (1982); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999) ("[T]he state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition."). "The exhaustion requirement is satisfied if the issues have been properly presented to the highest state court, either by direct review of the conviction or in a

---

[3] The Court may sua sponte dismiss a habeas petition for failure to exhaust state court remedies when the failure is "clear from the face of [the] petition." *See Allen v. Zavaras*, 568 F.3d 1197, 1202 (10th Cir. 2009). Petitioner's right to object to this Report and Recommendation accords Petitioner with the requisite "fair notice" and opportunity to present his position. *See id.* at 1203; *cf. Smith v. Dorsey*, No. 93-2229, 1994 WL 396069, at *3 (10th Cir. July 29, 1994) (finding no "due process problem" when magistrate judge raised timeliness issue sua sponte and petitioner could "address the matter by objecting" to the recommendation prior to the district court's consideration thereof).

postconviction attack." *Brown v. Shanks*, 185 F.3d 1122, 1124 (10th Cir. 1999) (internal quotation marks omitted); *see also* 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented."). Petitioner bears the burden of showing that his state court remedies have been exhausted. *See Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995).

Petitioner asserts, and the publicly available docket for Case No. PC-2014-12 confirms, that his appeal of the trial court's denial of postconviction relief is pending as of this date before the OCCA. *See* Pet. at 6, 8, 12; Docket, *Hymel v. State*. Petitioner further asserts that his first two grounds for habeas relief – the same two grounds previously raised on direct appeal – currently are before the OCCA for determination in the postconviction appeal. *See* Pet. at 5-8 (alleging that he "ha[s] not rec[ei]ved an a[n]swer yet" on his grounds of insufficient evidence and error regarding the lesser-related offense jury instruction). Therefore it "plainly appears" that Petitioner's habeas proceeding is premature as to these two grounds, as he concedes that he has not yet exhausted applicable state-court remedies as required under 28 U.S.C. § 2254(b)(1). *See also* 28 U.S.C. § 2254(c); *Brown*, 185 F.3d at 1124; *Lundy*, 455 U.S. at 518 ("[I]t would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation . . . ." (internal quotation marks omitted)).

In Petitioner's third and fourth grounds, Petitioner alleges ineffective assistance of appellate counsel and judicial prejudice on the part of his trial-court judge. As noted

above, these propositions of error were not raised on direct appeal. *See* Pet. at 2, 8, 10, 15. The Petition states that ground three is not raised on the currently pending postconviction appeal and indicates, but does not specify, that ground four likewise is not raised. *See* Pet. at 8-12. In other words, neither issue was raised on direct review, and each issue either was omitted from, or still is being determined by the OCCA in, postconviction proceedings. Petitioner's third and fourth grounds therefore have not been exhausted for habeas purposes, as these issues have not been "properly presented to the highest state court." *See Brown*, 185 F.3d at 1124. *See generally Blades v. State*, 107 P.3d 607, 608 (Okla. Crim. App. 2005); *Lewis v. State*, 21 P.3d 64, 65 (Okla. Crim. App. 2001); Okla. Stat. tit. 22, ch. 18, app., R. 2.1(E); Okla. Stat. tit. 22, § 1086 (outlining procedural alternatives for seeking relief through out-of-time criminal appeal or subsequent application for postconviction relief).

Accordingly, the Petition should be dismissed without prejudice to refiling following exhaustion of state-court remedies. In reaching this recommendation, the undersigned has considered *Rhines v. Weber*, 544 U.S. 269 (2005), in which the Supreme Court recognized that the interplay between the total exhaustion requirement – outlined in *Rose v. Lundy* and preserved in 28 U.S.C. § 2254(b)(1) – and the Antiterrorism and Effective Death Penalty Act's one-year statute of limitations could result in difficulty for federal habeas petitioners who bring petitions that are "mixed," i.e. containing both exhausted and unexhausted claims. *See Rhines*, 544 U.S. at 275; *Lundy*, 455 U.S. at 521-22 (holding that mixed habeas petitions may not be adjudicated by federal district courts); 28 U.S.C. § 2244(d)(1) (establishing a one-year period of limitation for a state prisoner's

federal habeas claims). To address this potential limitations problem, the Supreme Court concluded that under certain specified conditions, a federal district court may grant a stay and hold the federal habeas case in abeyance while the petitioner exhausts state-court remedies. *See Rhines*, 544 U.S. at 277-78.

Here, however, Petitioner has not filed a mixed petition, but rather a petition containing entirely unexhausted claims. The Tenth Circuit has not yet decided in a published decision "whether the procedure in *Rhines* applies to totally unexhausted petitions." *See United States v. Hickman*, 191 F. App'x 756, 757 (10th Cir. 2006). In *Hickman*, the court ordered an entirely unexhausted § 2254 petition dismissed without prejudice rather than stayed, noting that "[t]raditionally, when a petition contains entirely unexhausted state claims, the petition would be dismissed without prejudice." *Id.* "[S]tay and abeyance of totally unexhausted petitions increases the temptation to decide unexhausted claims and decreases the incentive to exhaust first." *Id.* (citing *Rhines*, 544 U.S. at 277; *Lundy*, 455 U.S. at 519).

After considering the policy underpinnings of *Rhines*, the fact that the Court is not presented with a "mixed petition," and that at least two of Petitioner's claims currently are being determined by the Oklahoma Court of Criminal Appeals, the undersigned concludes that dismissal without prejudice rather than a stay of proceedings should be ordered.[4] *See Hickman*, 191 F. App'x at 757.

---

[4] A stay is not warranted even if that procedure were contemplated by *Rhines*, as the record indicates that Petitioner will have an adequate amount of time following the determination of his postconviction appeal to file his federal habeas petition in this Court, if so desired. Petitioner's conviction became final on August 21, 2013—90 days after the

6

## RECOMMENDATION

Based upon the foregoing, the undersigned recommends that Petitioner's "Petition Under § 2254 for Writ of Habeas Corpus" (Doc. No. 1) be dismissed without prejudice upon preliminary review for failure to exhaust available state judicial remedies. If this recommendation is adopted, the undersigned further recommends that Petitioner's motion for appointment of counsel (Doc. No. 6) be denied.

## NOTICE OF RIGHT TO OBJECT

Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by May 15, 2014, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. Petitioner further is advised that failure to timely object to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

---

OCCA affirmed his conviction on direct appeal on May 23, 2013. *See* 28 U.S.C. § 2244(d)(1)(A); *Rhine v. Boone*, 182 F.3d 1153, 1155-56 (10th Cir. 1999) (noting conviction is final for § 2244(d)(1)(A) purposes when 90-day period for filing petition for certiorari with the Supreme Court has passed or when the Supreme Court has denied review). The § 2244(d)(1) one-year limitation period generally is tolled while an application for state postconviction review is pending. 28 U.S.C. § 2244(d)(2). Petitioner's one-year limitations period therefore ran for 49 days, from August 22nd to October 10th of 2013, and was tolled starting when Petitioner's application for postconviction relief was filed on October 11, 2013. Further, the tolling continues while Petitioner pursues his appeal from the denial of postconviction relief in the OCCA. *See id.*; *Rhine*, 182 F.3d at 1156 ("[T]he state post-conviction proceeding is final after the state's highest court has addressed the application."). Without expressly ruling on the issue, and cautioning Petitioner that he should not rely on this calculation, but determine the matter for himself, it appears from the record before the Court that Petitioner will have approximately 316 days following the OCCA's disposition of his postconviction appeal to file a new federal habeas petition under 28 U.S.C. § 2254. *See* 28 U.S.C. § 2244(d)(1)(A).

7

The Clerk of the Court is directed to electronically forward a copy of this Report and Recommendation to the Attorney General for the State of Oklahoma on behalf of the Respondent at fhc.docket@oag.state.ok.us.

This Report and Recommendation disposes of all issues referred to the undersigned magistrate judge in this case.

ENTERED this 23rd day of April, 2014.

_____
CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE